IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                 CIV 11-449 JC/KBM
                                                     CR  07-1573 JC

LUIS ENRIQUE GONZALEZ,

    Defendant-Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    THIS MATTER is before the Court on Defendant Luis Enrique Gonzalez's counseled motion seeking habeas relief either under 28 U.S.C. § 2255 or 28 U.S.C. § 1651. *See Doc. 1.* He asserts that he received erroneous advice about deportation consequences and therefore is entitled to his guilty plea invalidated either by a writ of habeas corpus for a violation of the Sixth Amendment under *Strickland,* or in the form of a writ for *coram nobis* to correct this "fundamental error." The parties' briefs are thorough and well-researched, and I incorporate them herein by reference. *See Docs. 1, 8, 11, 13*.[1] Because the pleadings and the record conclusively establish that Defendant is not entitled to relief under any theory of recovery, I find an evidentiary hearing is not necessary.

---

[1] Unless otherwise noted, citations to *"Doc."* are the documents filed in this civil action.

## Introduction

Defendant is a citizen of Cuba and continues to live in the United States under a valid permanent resident alien card.  He makes his living by driving a tractor-trailer in the long-distance hauling trade.  In 2007, he pleaded guilty to transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A).   Had the matter gone to trial, the United States would have offered evidence through Border Patrol agents and the material witness testimony of two of five undocumented aliens who have since been released.  That evidence would show the five undocumented aliens were transferred at a truck stop, where Defendant directed them to get into his truck and to be quiet.  When Border Patrol agents at the inspection area noted the curtain between the driving and sleeping areas of the cab was closed, they asked for permission to search.  Defendant consented, and the agents discovered the five undocumented aliens in the sleeping area.  Defendant faced a statutory maximum penalty of imprisonment of up to ten years.  Pursuant to his Rule 11(c)(1)(C) plea agreement, however, presiding Judge John E. Conway sentenced Defendant to probation for two years.  *See, e.g., United States v. Gonzalez,* CR 07-1573 JC (Docs. 1, 2, 21, 26, 28); *Doc. 1* at 1-2; *Doc. 8* at 1-2, 14-15.

No appeal or other post-conviction challenge followed entry of judgment in October 2007 until habeas counsel filed the instant petition some three and a half years later.  In it, habeas counsel asserts that Defendant was admitted to this country on "political asylum" grounds, and that defense counsel and the court misadvised Defendant by stating Defendant could not be deported to Cuba due to his political asylum status.

*See Doc.* 1 at 2, 18. Even though Defendant has not been threatened with deportation, habeas counsel asserts the matter is ripe for review because Defendant "lives under a permanent threat of deportation to a Country he is terrified to be returned to." *Id.* at 6. And, because Defendant's conviction would preclude him obtaining a "waiver in Immigration Court" and because the United States' relationship with Cuba is changing, "the possibility for deportation to Cuba becomes greater and greater." *Id.* at 6, 7.

## Analysis

Habeas relief under § 2255 and *coram nobis* relief under § 1651 are interrelated because exhaustion of available § 2255 remedies is one of the elements Defendant must show to warrant *coram nobis* relief. *See United States v. Carpenter,* 24 F. App'x 899, 905 (10th Cir. 2001) ("Due to its exceptional nature, a petitioner must satisfy stringent criteria to obtain a writ of *coram nobis*. . . . In addition, the prisoner must exhaust all otherwise available remedies, which includes seeking post-conviction relief under § 2255."). Though habeas counsel does not state this directly, I believe that is why he chose to bring this action jointly under § 2255 and for *coram nobis* relief.[2] He urges the court to follow the Third Circuit holding in *Orocio* and find the Supreme Court's decision in *Padilla* applies retroactively to cases on collateral review. Doc. 11 at 5; *see also United Sates v. Orocio,* 2011 WL 2557232 (3rd Cir. 2011) (decided 6/29/11).

In *Padilla,* the Supreme Court held that misadvice about deportation

---

[2] "Writs of *audita querela* and *coram nobis* are similar, but not identical." *United States v. Torres,* 282 F.3d 1241, 124, n.6 (10th Cir. 2002) (internal quotations and citations omitted) (explaining the distinction between the two writs.. The United States's response argues that Defendant is not entitled to *audita querela*. Doc. 8 at 7-8. But, the Court need not decide the issue since Defendant does not claim he is entitled to relief under that theory either his initial pleading or his reply. *See Docs.* 1, 11.

consequences that are "truly clear" is ineffective under *Strickland*. *See Padilla v. Kentucky,* ___ U.S. ___, 130 S. Ct. 1473, 1481-83 (2010) (decided 3/31/10); *see also Strickland v. Washington,* 466 U.S. 668 (1984). *Padilla* did not decide whether the plea there should have been invalidated because it remanded on the issue of prejudice. *Padilla,* 130 S. Ct. at 1483-85. But, the Court did note that it doubted the ruling would result in a flood of habeas petitions seeking to set aside guilty pleas, because "the challenge may result in a *less favorable* outcome for the defendant." *Id.* at 1486 (emphasis original).

The Supreme Court decided *Padilla* on March 31, 2010, after Defendant's sentence of probation expired. The applicable one-year statute of limitations runs from the later of different triggering events, one of which is "the date on which the right asserted was initially recognized by the Supreme Court" so long as that right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Habeas counsel filed the petition within the one-year "anniversary date" of the decision. *See United States v. Hurst,* 322 F.3d 1255, 1261-62 (10th Cir. 2003); *Doc. 1* (filed March 30, 2011). Thus, even if Defendant is not facing imminent deportation, to preserve his *Padilla* claim, if at all, the one-year limitations period forced habeas counsel to file the action now.

Nevertheless, *Padilla* affords Defendant no relief. As habeas counsel candidly and appropriately acknowledges in his reply, some courts disagree with the Third Circuit's approach to retroactivity. *See Doc. 11* at 3 (citing *Chaidez v. United States,* 2011 WL 3705173 (7th Cir. 2011) (decided 8/23/11). As the United States points out in its supplement, the Tenth Circuit is among them by virtue of a very recent decision. In

*Hong*, the Tenth Circuit held that *Padilla* announces a new rule of constitutional law and does not apply retroactively on collateral review under *Teague* principles. *United States v. Hong,* ___ F.3d ___, 2011 WL 3805763 at (10th Cir. 2011) (decided 8/30/11). As a consequence, Defendant's § 2255 request for relief is untimely. *See id.* at * 10 ("Because *Padilla* does not apply retroactively to cases on collateral review, the limitations period under § 2255(f)(3) does not apply here. Hong's motion was untimely because it was not filed within one year of his conviction becoming final, as required by § 2255(f)(1).").

       The defendant in *Hong* did not challenge the district court's dismissal of his request for such relief when he was still in custody. As such, the Tenth Circuit was not required to discuss its retroactivity decision in the context of *coram nobis*. *See id.* at * 1, n.2. The Seventh Circuit in *Chaidez* was a *coram nobis* case, however, and it did apply the *Teague* retroactivity analysis there:

> Because a writ of error *coram nobis* affords the same general relief as a writ of habeas corpus, *Howard v. United States,* 962 F.2d 651, 653 (7th Cir. 1992), we proceed as we would in a habeas case. *See United States v. Mandanici,* 205 F.3d 519, 527 (2nd Cir. 2000) (applying *Teague* in a case involving a *coram nobis* petition); *United States v. Swindall,* 107 F.3d 831, 834 (11th Cir. 1997) (same).

*Chaidez,* 2011 WL at * 1. Other circuits faced with *coram nobis* requests, including the Third Circuit in *Orocio,* also apply the retroactivity analysis in deciding whether relief is barred.[3] Furthermore, the Tenth Circuit expressly stated that a defendant's *Blakely* and

---

[3] *See e.g., Orocio,* 645 F.3d at 635; *United States v. Williams,* 158 F. App'x 249, 251 (11th Cir. 2005) (citing *United States v. Swindall,* 107 F.3d 831, 834 (11th Cir. 1997) as "holding that a defendant was not entitled to a writ of *error coram nobis* under the All Writs Act where his claim was barred under the retroactivity doctrine in *Teague v. Lane* . . . . and he had not suffered "compelling injustice."); *United States v. Mandanici,* 205 F.3d 519, 527 (2nd Cir. 2000) ("Although we have never actually addressed the question of whether *Teague* applies to petitions for a writ of error *coram nobis,* we have stated that, '[b]ecause of the similarities between *coram nobis* proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in

*Booker* claims were "not sufficient to fall within the extremely narrow scope of *coram nobis* . . . as the district court correctly noted, we have held that *Blakely* and *Booker* do not apply retroactively to cases, such as Carpenter's, that became final prior to their issuance." *Carpenter,* 164 F. App'x at 709.[4]  Accordingly, the *Hong* nonretroactivity decision is also conclusive of Defendant's request for *coram nobis* relief.

Alternatively, Defendant's claim is without merit and thus precludes relief under either theory of relief.  Magistrate Judge Lourdes Martínez recently issued proposed findings in a case that sought a "writ of error *coram nobis* based on [Defendant's] claim that his plea was involuntary because his counsel failed to advise him of the immigration consequences he faced." *United States v. Julio Lucero-Castro,* CR 05-2366 JEC (Doc. 41 at 7).  Issued one week before the *Hong* decision, Judge Martínez found that *Padilla* applied retroactively but that the defendant was not entitled to relief because he failed to show "prejudice" under *Strickland*.[5]  As part of her reasoning, she observed that the defendant "would have been mandatorily deportable had he been convicted at trial" and,

---

*coram nobis* cases.' . . .   Accordingly, we now hold that *Teague* applies to *coram nobis* petitions.") (citing *Swindall,*107 F.3d at 833-34 & n. 4 ; *United States v. Nazon,* 936 F. Supp. 563, 568-69 (N.D. Ind. 1996)).

[4] Other decisions of the Tenth Circuit point out that a defendant cannot use a request for *coram nobis* relief to "end run" the effect of a nonretroactivity ruling.  *See United States v. Evans,* 238 F. App'x 53, 56 (10th Cir. 2007) (even if defendant was not precluded from seeking coram nobis relief because he was in custody serving a life sentence, "he is still attempting to collaterally attack his sentence under the guise of § 1651. We have held *Booker* applies only to cases on direct review and not retroactively to cases on collateral review."); *United States v. McCaniel,* 192 F. App'x 805, 807 (10th Cir. 2006) (suggesting same)

[5]   When no party objected, Judge Conway adopted the proposed findings.  The defendant recently asked him to reconsider that decision, asserting that he never received a copy of the proposed findings.  *United States v. Julio Lucero-Castro,* CR 05-2366 JEC (Doc. 43 at 3).  That motion is presently pending.

therefore, "even if Mr. Guerrero-Castro were aware of the danger of deportation before he signed his plea agreement, it is highly unlikely that he would have risked a much higher sentence (70-87 months instead of 60 months), by going to trial, especially when he would have been deported at the end of that sentence anyway." *Id.* at 13.  She cited other decisions that so hold and, as noted above, the Supreme Court thought that very fact would preclude a flood of suits.  *See Yong Wong Park v. United States*, 222 F. App'x 82, 84 (2nd Cir. 2007) (petitioner did not establish prejudice under *Strickland* because, "even had [the petitioner] been aware of the immigration consequences of a plea, [he] would nonetheless have been faced with the strong likelihood of conviction at trial . . . [and h]e would also have been aware that such a conviction would trigger the same deportation consequences and would probably result in a longer sentence"); *United States v. Rivers*, 2011 WL 484190 at * 8 (D. Kan. 2011) (no prejudice when defendant faced a higher sentence if he proceeded to trial and had not made a showing that he could prevail at trial); *Herrera v. Hynes*, 2008 WL 5068608 at * 3 (E.D.N.Y. 2008) (in the absence of "evidence showing why [petitioner] would have risked a trial when the likely outcome was both exposure to deportation *and* a substantial, preceding custody term . . . [petitioner] cannot raise a claim of prejudice under the second prong of *Strickland*").

   I find that reasoning equally applicable here, especially because here there is no showing or assertion that Defendant was or is subject to mandatory deportation.  Indeed, the facts that compel the United States to argue the claim is unripe show otherwise.

   Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

1. Defendant's request for collateral relief *(Doc. 1)* be denied;

2. This action be dismissed with prejudice; and

3. No certificate of appealability issue.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE